**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **CLAUDIA CAVAZOS AND** | § | |
| **ROSANNA CAVAZOS** | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO._____** |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **SUSSEX INSURANCE COMPANY** | § | |
| **AND BRIAN RING** | § | |
| **Defendants.** | § | |

**DEFENDANT SUSSEX INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Sussex Insurance Company, in Cause No. CL-16-3269-G pending in the County Court At Law #7, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

**I.**

**FACTUAL BACKGROUND**

1.1    On or about August 16, 2016, Plaintiffs filed their Original Petition in the matter styled *Claudia Cavazos and Rosanna Cavazos v. Sussex Insurance Company and Brian Ring* in the County Court At Law #7, Hidalgo County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy.

1.2    Plaintiffs assert claims against Brian Ring, the adjuster assigned to Plaintiffs' claim.

1

1.3     Plaintiffs served Sussex Insurance Company (hereinafter "Sussex") with process and Plaintiffs' Original Petition on August 31, 2016.

1.4     Plaintiffs' Original Petition states that their property sustained damage from a hailstorm on March 26, 2015.  *See* Plaintiffs' Original Petition at ¶ 11.

1.5     The Plaintiffs filed a claim with Sussex and asked that Sussex cover the cost of repairs pursuant to the policy.  *See* Plaintiffs' Original Petition at ¶ 11 and ¶ 12.

1.6   Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B," which includes true and correct copies of all executed process, pleadings and orders.  Attached hereto as Exhibit "C" is the Designation of Counsel, Exhibit "D" is the consent to removal.

## II.

## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332, 1441(a) and 1446.

2.2     At the time the lawsuit was filed, Plaintiffs were residents of the State of Texas.  *See* Plaintiffs' Original Petition at ¶ 2.

2.3     Defendant Sussex Insurance Company (hereinafter "Sussex") is incorporated as a South Carolina–domiciled insurance company, and has its principal place of business in South Carolina.  Accordingly, Sussex is not a citizen of Texas.

2.4     Defendant Brian Ring, although not a proper party to this lawsuit, is a citizen of the State of Texas.

**A.**     **Defendant Brian Ring Has Been Improperly Joined in this Lawsuit**

2.5     Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003) (*en banc*).  The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).  To determine whether the plaintiff can recover against the in-state defendant, the district court must analyze the plaintiff's petition under the robust federal rule 12(b)(6) standard and determine whether the plaintiff's petition states a claim.  *See Int'l Energy*, 818 F.3d at 207-08; *see also Smallwood*, 385 F.3d at 573; *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).

2.6     "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do."  *Elchehabi v. Chase Home Fin., LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug. 15, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555; *Guerrero*

3

*Investments, LLC v. Am. States Ins. Co.*, No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013) (finding lack of a "factual fit" and, thus, improper joinder where "the sections setting forth Plaintiff's causes of action against the in-state defendant amounted to no more than conclusory recitations of the elements of the plaintiff's DTPA, Insurance Code, and conspiracy claims); *Xiang Fang v. Companion Commercial Ins. Co.*, No. 7:12-CV-324, 2013 WL 5214433, at *3 (S.D. Tex. Sept. 17, 2013) (same).

2.7    Here, Plaintiffs failed to offer any specific facts to support their claims against Defendant Brian Ring and therefore, failed to make the required "factual fit between [his] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). In their Original Petition, Plaintiffs alleged that Sussex issued a homeowners policy to Plaintiffs covering their home in San Juan, Texas, and that a hailstorm and/or windstorm struck Hidalgo County on March 26, 2015. *See* Plaintiffs' Original Petition at ¶¶ 9-11. The storm allegedly caused extensive hail and/or wind damage to the Plaintiffs' property. See *id.* at 11. Plaintiffs' then assert various allegations against Defendant Ring. Plaintiffs allege that Ring was assigned to adjust the Plaintiffs' claim by Sussex. *See id.* at ¶13. Plaintiffs further allege that Ring was improperly trained, performed an inadequate inspection and undervalued the Plaintiffs claim. See *id.* The remainder of the Plaintiffs allegations against Ring are directed at both Sussex and Ring collectively. Paragraph 14 states that the Defendants "set about to deny and/or underpay on properly covered damages" resulting in an unreasonable investigation. *See Id.* at ¶ 14. Paragraphs 18 through 22 allege various violations of the Texas Insurance Code by both Defendants, including (i) misrepresenting the amount of covered damage to the property, (ii) failing to make an attempt to settle the claim after liability had become

reasonable clear, (iii) failing to explain the reasons for their inadequate settlement of the loss, (iv) failing to affirm or deny coverage in a reasonable time and (v) refusing to fully compensate the Plaintiffs under the terms of the policy. *See id.* at ¶¶ 18–22.  Furthermore, paragraph 27 of the Plaintiffs' Petition alleges that the Defendants "knowingly or recklessly made false representations" regarding the material facts of the Plaintiffs claim and paragraph 28 alleges that the Defendants acts and omissions forced the Plaintiffs to retain the services of the attorneys representing them. See *id.* at ¶¶ 27 - 28.  Plaintiffs' allegations against Ring do nothing more than track the statutory language of his Insurance Code causes of action; they are bare-bone, conclusory, and over-generalized boiler-plate allegations devoid of substantive facts.  *See Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2-3 (S.D. Tex. July 29, 2016) (denying plaintiff's motion to remand, holding that the plaintiff's unspecific allegations against the defendant adjuster essentially amounted to legal conclusions and that allegations simply tracking statutory language were insufficient without any case-specific facts).

2.8    In connection with the foregoing allegations, Plaintiff then makes claims against Ring individually and the Defendants collectively for violations of the Texas Insurance Code, fraud and conspiracy.  Plaintiffs allege that Ring violated the Insurance Code by (i) "misrepresenting to Plaintiff material facts relating to the coverage at issue," (ii) "failing to attempt in good faith to effectuate a prompt fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear," (iii) "failing to promptly provide Plaintiff with a reasonable basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim," (iv) "failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit

a reservation of rights to Plaintiff," and (v) "refusing to pay Plaintiff's claim without conducting a reasonable investigation." *See id.* at ¶¶ 32-36. But merely repeating statutory language is not sufficient; a plaintiff must plead specific, actionable facts to which a statute should apply, and Plaintiff has wholly failed to do so in this case. *See Young v. Travelers Pers. Sec. Ins. Co.*, No. 4:16-CV-235, 2016 WL 4208566, at *4-5 (S.D. Tex. Aug. 10, 2016) (denying a plaintiff's motion to remand and dismissing an insurance-adjuster defendant where the plaintiff failed to state a claim against the adjuster by a "mere formulaic recital of the statutory elements"); *Lakewood Chiropractic Clinic,* No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).[1] Moreover, the alleged Insurance Code violations asserted against Ring are entirely indistinguishable from the Insurance Code violations alleged against Defendant Sussex. *See* Plaintiff's Original Petition at ¶¶ 30-36, 40-49. Courts in the Southern District of Texas have held that when the claims against an adjuster are identical to those against the insurer, they are insufficient to support a claim against the adjuster. *See Dalton v. State Farm Lloyd's, Inc.*, No. H-12-3004, 2013 WL 3157532, at *7

---

[1] The Fifth Circuit and its District Courts routinely find that individual adjusters and agents are improperly joined where the plaintiffs' allegations against the adjuster are boilerplate and identical to the claims against the insurance carrier. *See e.g., Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in Plaintiff's petition to support claim against agent); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations merely listing Insurance Code provisions and asserting that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer,* No. 4:08-CV-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding petition listing Insurance Code provisions that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims").

(S.D. Tex. June 19, 2013); *see also Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) ("While it is true that Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code, for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." (internal citations omitted)).

  2.9 The allegations of fraud are just as vague and conclusory, and void of facts. Plaintiffs' Petition states that representations, "as described above," were made concerning material facts and these representations were made falsely or recklessly. *See* Plaintiffs' Original Petition at ¶ 53. The "as described above" representations appear to reference the representations alleged in paragraph 18. Paragraph 18 alleges that the Defendants "misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence." *Id.* at ¶ 18. However, the Plaintiffs provide no information about which damage to the property that the Defendants represented as not being covered. Additionally, there is no information to show that any representation made by the Defendants was false or reckless. All that is convey by the Plaintiffs is that the Defendants made some misrepresentation about a covered loss to the property. Furthermore, nothing in paragraph 18 describes any statements made by Mr. Ring, specifically. As such, the pleading does not set forth a fraud claim against the non-diverse defendant on which the Plaintiffs might recover.

  2.10 The conspiracy to commit fraud claim is even more questionable. Paragraph 55 states:

> Defendants Sussex and Ring were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or

lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Sussex and Ring committed an unlawful, overt act to further the object or course of action. Plaintiffs' Original Petition, ¶ 55.

Nowhere in the petition is the unlawful purpose or means described. This allegation is nothing more than a regurgitation of the cause of action without any factual references.

2.11   In sum, none of Plaintiffs' allegations are nothing more than conclusory statements that lack the specificity necessary to state a claim. *See Twombly*, 550 U.S. at 445. The Plaintiffs' failure to allege any specific facts concerning Ring's involvement means that Plaintiffs did not "'state enough facts to state a claim for relief that is plausible on its face.'" *See Int'l Energy*, 818 F.3d at 207-08 (quoting *Twombly*, 550 U.S. at 570). And in the absence of such factual allegations, "'there is no reasonable basis for the district court to predict that [P]laintiff might be able to recover against'" Ring. *See Int'l Energy*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d 646-47). Ring is an improper party to this lawsuit and should be dismissed by the Court.

2.12   Because Sussex Insurance Company, a foreign defendant, is the only proper defendant in this action, there is complete diversity. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

## B.   Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

2.13   Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is

determined by the Plaintiff's complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.14    Here, Plaintiffs' claims are centered on the alleged failure to pay the full proceeds of Plaintiffs' policy necessary to make repairs to Plaintiffs' property.  Plaintiffs' Original Petition alleges various causes of action and seeks actual damages, treble damages, punitive and exemplary damages, interest and attorney's fees.  *See* Plaintiffs' Original Petition, PRAYER.  Plaintiffs' Original Petition states that "Plaintiffs seek only monetary relief of $100,000.00 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees." *Id.* at ¶ 5.

2.15    Thus, Defendant Sussex has met the requirements to remove this case to federal court.

## III.

## THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Sussex was first served with Plaintiffs' Original Petition and process on August 31, 2016.  Defendant Sussex files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(d), promptly after Sussex files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.4     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Sussex files this Notice.

## IV.

## CONCLUSION

4.1     Based upon the foregoing, the exhibit submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant Sussex Insurance Company hereby removes this case to this Court for trial and determination.

By:   ___/s/ Mikell A. West_____
Mikell A. West
Attorney-in-charge
State Bar No. 24070832
Southern Dist. No. 1563058
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
mwest@gnqlawyers.com

**ATTORNEY FOR DEFENDANT
SUSSEX INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (956) 618-0628
Fax: (956) 618-0670

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 29, 2016, a copy of Defendant Sussex Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiffs, Claudia Cavazos and Rosanna Cavazos.

**<u>Via CM/RRR #7015 0640 0003 8829 7682</u>**
Cristobal M. Galindo
4151 Southwest Freeway, Suite 602
Houston, TX 77027
StormCase@galindolaw.com

/s/Mikell A. West
Mikell A. West