Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CAUSE NO. CL-16-3269-G _____

| | | |
|---|---|---|
| **CLAUDIA CAVAZOS AND** | § | **IN THE COUNTY COURT** |
| **ROSANNA CAVAZOS,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | **AT LAW NO. _____** |
| | § | |
| | § | |
| **SUSSEX INSURANCE COMPANY** | § | |
| **AND BRIAN RING** | § | |
| *Defendants.* | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Claudia Cavazos and Rosanna Cavazos ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Sussex Insurance Company and Brian Ring (whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleas that this suit is governed by the expedited-actions process in Texas Rules of Civil Procedure 169.

### PARTIES

2.    Plaintiffs Claudia Cavazos and Rosanna Cavazos are individuals residing in Hidalgo County, Texas.

3.    Defendant Sussex Insurance Company (hereinafter referred to as "Sussex") is an insurance company engaging in the business of insurance in the State of Texas. This defendant may





EXHIBIT
B

Date: 9-26-16
Page 1
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

be served with process by certified mail, return receipt requested, by serving its Attorney

for Service, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.  Defendant Brian Ring (hereinafter referred to as "Ring") is an individual who may be

served with personal process by a process server at his place of residence at 314 PR 3180,

Kempner, Texas 76539 or wherever he may be found.

## JURISDICTION

5.  The Court has jurisdiction over this cause of action because the amount in controversy is

within the jurisdictional limits of the Court. Plaintiffs seek only monetary relief of

$100,000.00 or less, including damages of any kind, penalties, court costs, expenses,

prejudgment interest and attorney fees.

6.  The Court has jurisdiction over Defendant Sussex because this defendant is an insurance

company that engages in the business of insurance in the State of Texas, and Plaintiffs'

causes of action arise out of this defendant's business activities in the State of Texas.

7.  The Court has jurisdiction over Defendant Ring because this defendant is a citizen of the

State of Texas and engages in the business of adjusting insurance claims in the State of

Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in

the State of Texas.

## VENUE

8.  Venue is proper in Hidalgo County County, Texas, because the insured property is situated

in Hidalgo County County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.  Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred

to as "the Policy"), which was issued by Sussex. Plaintiffs own the insured property, which

Page 2

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By: _____
Deputy Clerk

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

is specifically located at 513 Jenica Cir S, San Juan, TX 78589, in Hidalgo County (hereinafter referred to as "the Property").

10.   Sussexsold the Policy insuring the Property to Plaintiffs.

11.   On or about March 26, 2015, a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the region, including Plaintiffs' residence. Plaintiffs' roof sustained extensive hail and/or wind damage during the storm. Water intrusion through the roof caused significant damage throughout the entire property including, but not limited to, ceilings, walls, and insulation. Plaintiffs' property also sustained substantial structural and exterior damage during the storm, including but not limited to, the siding, gutters, downspouts, soffit, fascia and trim. After the storm, Plaintiffs filed a claim with their insurance company, Sussex, for the damage to their home caused by the hail storm and/or windstorm. Plaintiffs Damage, Water Damage, and Wind Damage sustained as a result of the hail storm and/or windstorm.

12.   Plaintiffs asked that Sussex cover the cost of repairs to the Property pursuant to the Policy.

13.   Defendant Sussex assigned Ring as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. This is evident in his report which failed to include all of the damages. Ring both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Ultimately, Ring's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained, which failed to include all of Plaintiffs' damages noted upon inspection. Ring's inadequate investigation of the claim was relied upon by the other Defendants in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

Page 3

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

14.     Together, Defendants Sussex and Ring set about to deny and/or underpay on properly covered damages. As a result of these defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs has yet to receive the full payment to which they are entitled under the Policy.

15.     As detailed in the paragraphs below, Sussex wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Sussex underpaid some of Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

16.     To date, Sussexcontinues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

17.     Defendant Sussexfailed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Sussex's conduct constitutes a breach of the insurance contract between Sussex and Plaintiffs.

18.     Defendants Sussex and Ring misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered

Date:_____9-26-16                                    Page 4

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By:_____
                              Deputy Clerk

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

occurrence. Defendants Sussex's and Ring's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

19. Defendants Sussex and Ring failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Sussex's and Ring's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendants Sussex and Ring failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Sussex and Ring failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Sussex's and Ring's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendants Sussex and Ring failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Sussex and Ring. Defendants Sussex's and Ring's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22. Defendants Sussex and Ring refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Sussex and Ring failed to conduct a reasonable investigation. Specifically, Defendants Sussex and Ring performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: _____ Deputy Clerk

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

evaluation of Plaintiffs' losses on the Property. Defendants Sussex's and Ring's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23. Defendant Sussex failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant Sussex failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant Sussex failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. From and after the time Plaintiffs' claim was presented to Defendant Sussex, the liability of Sussex to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Sussex has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

payment. Sussex's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. Defendants Sussex and Ring knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28. As a result of Defendants Sussex's and Ring's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing him/her with respect to these causes of action.

29. Plaintiffs' experience is not an isolated case. The acts and omissions Sussex committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Sussex with regard to handling these types of claims. Sussex's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST BRIAN RING

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### UNFAIR SETTLEMENT PRACTICES

30. Defendant Ring's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

31. Defendant Ring is individually liable for his/her unfair and deceptive acts, irrespective of the fact he was acting on behalf of Sussex , because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation,

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By:

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

32.    Defendant Ring's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

33.    Defendant Ring's and unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

34.    The unfair settlement practice of Defendant Ring as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

35.    Defendant Ring's settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:
Deputy Clerk

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

**CL-16-3269-G**

to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

36.    Defendant Ring's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST SUSSEX

37.    Defendant Sussex is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

38.    Defendant Sussex's conduct constitutes a breach of the insurance contract made between Sussex and Plaintiffs.

39.    Defendant Sussex's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Sussex's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### UNFAIR SETTLEMENT PRACTICES

40.    Defendant Sussex's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

Page 9

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____ Deputy Clerk

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

41.     Defendant Sussex's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42.     Defendant Sussex's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Sussex's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43.     Defendant Sussex's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44.     Defendant Sussex's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45.     Defendant Sussex's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Date: 01-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### THE PROMPT PAYMENT OF CLAIMS

46.     Defendant Sussex's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

47.     Defendant Sussex's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

48.     Defendant Sussex's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

49.     Defendant Sussex's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.     Defendant Sussex's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

51.     Defendant Sussex's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Sussex knew or should have known

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:
Deputy Clerk

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

52.   Defendants Sussex and Ring are liable to Plaintiff for common law fraud.

53.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Sussex and Ring knew were false or made recklessly without any knowledge of their truth as a positive assertion.

54.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

55.   Defendants Sussex and Ring are liable to Plaintiffs for conspiracy to commit fraud. Defendants Sussex and Ring were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Sussex and Ring committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### KNOWLEDGE

56.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

Page 12

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

## DAMAGES

57.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

58.   As previously mentioned, the damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Sussex's and Ring's mishandling of Plaintiffs' claim in violation of the laws set forth above.

59.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

60.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

61.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

62.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

Page 13

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CL-16-3269-G

63.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

64.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the below signed attorneys. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully Submitted,

Cristobal M. Galindo, P.C

Cristobal M. Galindo
Texas Bar No. 24026128

Page 14
Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk
COUNTY COURT
COUNTY OF HIDALGO TEXAS

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

**CL-16-3269-G**

4151 Southwest Freeway, Suite 602
Houston, Texas 77027
T: 713.228.3030 / F: 713.228.3003
E-Mail: StormCase@galindolaw.com
**ATTORNEY FOR PLAINTIFF**

Page 15

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.

By: _____

**CIVIL CASE INFORMATION SHEET**

Electronically Submitted
8/16/2016 5:48:21 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

CAUSE NUMBER *(FOR CLERK USE ONLY):* **CL-16-3269-G** _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED CLAUDIA CAVAZOS AND ROSANNA CAVAZOS V. SUSSEX INSURANCE COMPANY AND BRIAN RING
_____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)
A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>CRISTOBAL GALINDO | Email:<br><br>Stormcase@galindolaw.com | Plaintiff(s)/Petitioner(s):<br><br>CLAUDIA CAVAZOS | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br><br>4151 SW FREEWAY, STE 602 | Telephone:<br><br>713-228-3030 | ROSANNA CAVAZOS | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>HOUSTON, TEXAS 77027 | Fax:<br><br>713-228-3003 | Defendant(s)/Respondent(s):<br><br>SUSSEX INSURANCE COMPANY | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br><br>Cristobal Galindo | State Bar No:<br><br>24026128 | BRIAN RING | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☒Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| *Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Medical<br>☐Other Professional<br>Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product: | **Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: | **Other Family Law**<br>☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: | **Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | ☐Other Injury or Damage: | | | **Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☒Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $100,000 but not more than $1,000,000

9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Date: _____

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office

Rev 2/13

Electronically Submitted
8/19/2016 9:06:09 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

DOCKET NO. CL-16-3269-G

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:     SUSEX INSURANCE COMPANY
        CT CORPORATION SYSTEM
        1999 BRYAN STREET SUITE 900
        DALLAS TX 75201

GREETING:

        YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #7 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 16th day of August, 2016 in this Cause Numbered CL-16-3269-G on the docket of said Court, and styled,

**CLAUDIA CAVAZOS; ROSANNA CAVAZOS**
vs.
**SUSEX INSURANCE COMPANY; BRIAN RING**

        The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

        NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
                CRISTOBAL M. GALINDO
                4151 SOUTHWEST FREEWAY SUITE 602
                HOUSTON TX 77027

        The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

        ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 19th day of August, 2016.

                                ARTURO GUAJARDO, JR.
                                COUNTY CLERK, HIDALGO COUNTY, TEXAS
                                100 N. CLOSNER
                                EDINBURG, TEXAS 78539
                                County Court at Law #7

                                BY _____ DEPUTY
                                        OSCAR GONZALEZ

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
        Deputy Clerk

Electronically Submitted
8/19/2016 9:06:09 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____ , 20 ____, at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
       CIVIL PROCESS SERVER                  DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

By; _____      By: _____
       CIVIL PROCESS SERVER                  DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 201____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Date:___9-26-16___

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By:_____
                         Deputy Clerk

Electronically Submitted
8/19/2016 9:06:09 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

DOCKET NO. CL-16-3269-G

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:     BRIAN RING
        314 PR 3180
        KEMPNER TX 76539
        OR WHEREVER HE MAY BE FOUND

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #7 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 16th day of August, 2016 in this Cause Numbered CL-16-3269-G on the docket of said Court, and styled,

**CLAUDIA CAVAZOS; ROSANNA CAVAZOS**

vs.

**SUSEX INSURANCE COMPANY; BRIAN RING**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        CRISTOBAL M. GALINDO
        4151 SOUTHWEST FREEWAY SUITE 602
        HOUSTON TX 77027

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 19th day of August, 2016.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
County Court at Law #7

BY _____ DEPUTY
        OSCAR GONZALEZ

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: _____
        Deputy Clerk

Electronically Submitted
8/19/2016 9:06:09 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
        Came to hand on the _____ day of _____ , 20 ____ , at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

        Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true
copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the
following
Date, time, and place, to-wit:

        NAME _____ DATE _____ TIME _____ PLACE _____

    By: _____                    By: _____
            CIVIL PROCESS SERVER                              DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
        Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but
to no avail:

        NAME _____ DATE _____ TIME _____ PLACE _____

        NAME _____ DATE _____ TIME _____ PLACE _____

        NAME _____ DATE _____ TIME _____ PLACE _____

    By; _____                    By: _____
            CIVIL PROCESS SERVER                              DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT
In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return
is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the
penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 201____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number


Date:_____9-26-16_____

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
              Deputy Clerk

ᴅ6· 164163

Electronically Submitted
9/2/2016 4:24:51 PM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

DOCKET NO. CL-16-3269-G

· THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:  SUSEX INSURANCE COMPANY
     CT CORPORATION SYSTEM
     1999 BRYAN STREET SUITE 900
     DALLAS TX 75201

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #7 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 16th day of August, 2016 in this Cause Numbered CL-16-3269-G on the docket of said Court, and styled,

**CLAUDIA CAVAZOS; ROSANNA CAVAZOS**
vs.
**SUSEX INSURANCE COMPANY; BRIAN RING**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
     CRISTOBAL M. GALINDO
     4151 SOUTHWEST FREEWAY SUITE 602
     HOUSTON TX 77027

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 19th day of August, 2016.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
County Court at Law #7

BY _____ DEPUTY
      OSCAR GONZALEZ

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
      Deputy Clerk

Electronically Submitted
9/2/2016 4:24:51 PM
Hidalgo County Clerk's Office
Accepted by: Oscar Gonzalez
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
Came to hand on the _____ day of _____ , 20 ____ , at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____          By: _____
          CIVIL PROCESS SERVER                           DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____          By: _____
          CIVIL PROCESS SERVER                           DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____ , my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ___ day of _____ , 201____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By: _____
                              Deputy Clerk

Electronically Submitted
9/2/2016 4:24:51 PM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

**CAUSE NUMBER: CL-16-3269-G**

**CLAUDIA CAVAZOS**
**PLAINTIFF**

**VS.**

**SUSEX INSURANCE COMPANY**
**DEFENDANT**

**IN THE HONORABLE COUNTY COURT**
**AT LAW #7 OF HIDALGO COUNTY,**
**TEXAS**

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Wednesday August 24, 2016 AT 03:26 PM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, came to hand for service upon **SUSEX INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT, CT CORRPORATION SYSTEM.**

On **Wednesday August 31, 2016** at **01:08 PM** - The above named documents were delivered to: **SUSEX INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT, CT CORRPORATION SYSTEM @ 1999 BRYAN STREET, STE 900, DALLAS , TX 75201, U.S.A.** by **Corporate Service**. By delivering to Beatrice Casarez-Barrientez, authorized to accept.

**FURTHER AFFIANT SAYETH NOT.**

**D'ANN WATHEN**
**SCH#6622 EXP 06/30/19**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this ___ day of _____, 2016 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**
2016.08.164163

MERCEDEZ M TRISTAN
My Commission Expires
November 14, 2016

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

08.164'75

Electronically Submitted
9/8/2016 10:20:21 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

DOCKET NO. CL-16-3269-G

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

> To:   BRIAN RING
> 314 PR 3180
> KEMPNER TX 76539
> OR WHEREVER HE MAY BE FOUND

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #7 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 16th day of August, 2016 in this Cause Numbered CL-16-3269-G on the docket of said Court, and styled,

CLAUDIA CAVAZOS; ROSANNA CAVAZOS

vs.

SUSEX INSURANCE COMPANY; BRIAN RING

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
CRISTOBAL M. GALINDO
4151 SOUTHWEST FREEWAY SUITE 602
HOUSTON TX 77027

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 19th day of August, 2016.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
County Court at Law #7

BY _____ DEPUTY
OSCAR GONZALEZ

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
Deputy Clerk

Electronically Submitted
9/8/2016 10:20:21 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
Came to hand on the _____ day of _____ , 20 ____ , at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____         By: _____
        CIVIL PROCESS SERVER                          DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____         By: _____
        CIVIL PROCESS SERVER                          DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____ , my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ___ day of _____ , 201____ .

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
            Deputy Clerk

Electronically Submitted
9/8/2016 10:20:21 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

**HIDALGO County Court at Law 7, Texas**

Cause No.  CL-16-3269-G

**Claudia Cavazos**

*Plaintiff,*

**Brian Ring**

*Defendant.*

## AFFIDAVIT OF SERVICE

I, **Lewis L. Burks**, make statement to the fact, that I am a competent person more than 18 years of age or older and not a party to this action nor interested in the outcome of this suit. I am a certified private process server authorized by the Supreme Court of Texas and remain in good standing. I received the document(s) stated below on **8/29/2016 at 10:14 AM** instructing for same to be delivered upon:  **Brian Ring**

| | |
|---|---|
| That I delivered to: | Brian Ring |
| At the address of: | 314 PR 3180, Kempner, TX 76539 located in the County of LAMPASAS |
| On this date and time: | 8/29/2016    at 4:27 PM |
| In the manner: | by INDIVIDUAL/PERSONAL delivery with the document(s) to the person named above. |
| The following document(s): | Citation; Plaintiff's Original Petition |

**DESCRIPTION:**
Gender: Male Race/Skin: White Age: 36 - 50 Yrs. Weight: Over 200 Lbs. Height: 5 9" - 6 0" Hair: Brown Other:

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true, correct, and within my personal knowledge.

Lewis L. Burks
SCH3404, Exp. 12/31/16

SUBSCRIBED AND SWORN TO BY Lewis L. Burks on this _____30th_____ day of _____August_____, 2016, to attest witnesses my hand and seal of office.

Mary K. Donaldson
Notary Public, State of Texas

Service Fee: $_____

Court Records Research Inc
Job ID#: 1627666
Ref#: 2016.08.16475

MARY K. DONALDSON
Notary Public
STATE OF TEXAS
ID#3688272
My Comm. Exp. June 09, 2018

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk

Electronically Submitted
9/19/2016 9:53:06 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

CAUSE NO. CL-16-3269-G

| | | |
|---|---|---|
| CLAUDIA CAVAZOS AND | § | IN THE COUNTY COURT |
| ROSANNA CAVAZOS | § | |
| | § | |
| VS. | § | AT LAW NUMBER 7 |
| | § | |
| SUSSEX INSURANCE COMPANY | § | |
| AND BRIAN RING | § | HIDALGO COUNTY, TEXAS |

### DEFENDANTS SUSSEX INSURANCE COMPANY AND BRIAN RING'S ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, SUSSEX INSURANCE COMPANY AND BRIAN RING, Defendants in the above-styled and numbered cause and makes and files this, their Original Answer in reply to Plaintiffs' Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations contained within Plaintiffs' Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendants deny the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendants deny that the following has occurred:

  a.  that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

  b.  that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office

By: _____
Deputy Clerk

Electronically Submitted
9/19/2016 9:53:06 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

3.

Pleading further and without waiver of the above, Defendants request that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

## PLEA IN ABATEMENT

A.      In Plaintiffs' Original Petition, Plaintiffs have also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

B.      Defendants have not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.      Accordingly, Defendants are also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

5.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser. In the event of a disagreement in the

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/19/2016 9:53:06 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

appraisal, the differences are submitted to an umpire for determination. Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby give actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

7.

Requests for Disclosure

At the time required by law or the Rules, the Defendants request the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing hereof, that Plaintiffs not recover against Defendants and that Defendants go hence with their costs without day and for such other and further relief, at law or in equity, to which Defendants may justly show themselves entitled to receive.

CAVAZOS, CLAUDIA, et al/SIC - D OA & PIA - SIC - PAGE 3 OF 6

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office

By:_____
Deputy Clerk

Electronically Submitted
9/19/2016 9:53:06 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com


By: _____
        Thomas F. Nye
        State Bar No. 15154025


William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendants Sussex Insurance
Company and Brian Ring

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the _19th_ day of September, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
  Cristobal M. Galindo
  Cristobal M. Galindo, P.C.
  Email: stormcase@galindolaw.com

**VIA E-FILING**

_____
Thomas F. Nye


CAVAZOS, CLAUDIA, et al/SIC – D OA & PIA – SIC - PAGE 4 OF 6

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
        Deputy Clerk

Electronically Submitted
9/19/2016 9:53:06 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

## VERIFICATION OF R. TRAVIS MILLER

| | |
|---|---|
| THE STATE | § |
| | § |
| OF TEXAS | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared R. Travis Miller, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is R. Travis Miller. I am an Authorized Agent for Sussex Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4B of Defendants' Original Answer and it is true and correct."

Further affiant sayeth not.

R. Travis Miller, Authorized Agent for
Sussex Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 16th day of September, 2016, to witness my hand and official seal of office.

Notary Public in and for
the State of Texas

CAVAZOS, CLAUDIA, et al/SIC – D OA & PIA – SIC - PAGE 5 OF 6

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
                    Deputy Clerk

Electronically Submitted
9/19/2016 9:53:06 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

## VERIFICATION OF BRIAN RING

THE STATE         §
                              §

OF TEXAS          §

       BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Brian Ring, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

       "My name is Brian Ring. I am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4B of Defendants' Original Answer and it is true and correct."

       Further affiant sayeth not.

<br>

_____
Brian Ring

       SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 11th day of September, 2016, to witness my hand and official seal of office.

_____
Notary Public in and for
the State of Texas

Date: 9-26-16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
Deputy Clerk

Electronically Submitted
9/19/2016 9:53:06 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

CAUSE NO. CL-16-3269-G

| | | |
|---|---|---|
| CLAUDIA CAVAZOS AND | § | IN THE COUNTY COURT |
| ROSANNA CAVAZOS | § | |
| | § | |
| VS. | § | AT LAW NUMBER 7 |
| | § | |
| SUSSEX INSURANCE COMPANY | § | |
| AND BRIAN RING | § | HIDALGO COUNTY, TEXAS |

## DEFENDANTS' DEMAND FOR JURY

COME NOW, SUSSEX INSURANCE COMPANY AND BRIAN RING, Defendants in the above-referenced cause, and demand a trial by jury and hereby deposits their Forty Dollars ($40) jury fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANTS SUSSEX
INSURANCE COMPANY AND BRIAN RING

Date: 9-26-16

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
9/19/2016 9:53:06 AM
Hidalgo County Clerks Office
Accepted by: Oscar Gonzalez

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the ___19th___ day of September, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
Email: stormcase@galindolaw.com

**VIA E-FILING**

_____
Thomas F. Nye

CAVAZOS, CLAUDIA, et al/SIC – JD – SIC – PAGE **2** OF **2**

Date: ___9-26-16___

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
                    Deputy Clerk