United States District Court
Southern District of Texas
**ENTERED**
November 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CLAUDIA CAVAZOS, *et al*, § § Plaintiffs, § VS. § SUSSEX INSURANCE COMPANY, *et al*, § § Defendants. § | CIVIL ACTION NO. 7:16-CV-00576 |

## **OPINION & ORDER**

The Court now considers Claudia and Rosanna Cavazos's ("Plaintiffs") motion to remand.[1] After duly considering the motion, record, and relevant authorities, the Court **DENIES** the motion.

### I. BACKGROUND

This is an insurance case. Plaintiffs' residence was insured by Sussex Insurance Company ("Defendant"), and the residence was allegedly damaged by a storm on March 25, 2015.[2] Defendant Brian Ring ("Ring") inspected the property and estimated damages.[3] Plaintiffs filed suit in state court on September 29, 2016, generally alleging various claims rooted in underpayment,[4] and Defendant removed the case to federal court on September 29, 2016.[5] In the removal notice, Defendant argues at length that this Court has diversity jurisdiction because Ring, a Texas resident, was improperly joined.[6] Plaintiffs subsequently moved to remand on

---

[1] Dkt. No. 5.
[2] *Id*.
[3] *Id*.
[4] Dkt. No. 1-2.
[5] Dkt. No. 1.
[6] *Id*. at pp. 3–8.

October 28, 2016, arguing that Ring was properly joined, and therefore the Court lacks diversity jurisdiction.[7]

## II.  LEGAL STANDARD

The residency of non-diverse defendants who have been improperly joined is not considered for diversity jurisdiction purposes.[8] The Fifth Circuit recognizes two manners by which improper joinder may occur: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[9] The Fifth Circuit has interpreted the second manner to mean that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[10] To determine whether a plaintiff has a *reasonable* basis for recovery, courts evaluate the sufficiency of the pleadings against the non-diverse party under federal pleading standards.[11] The removing-party bears the burden of proving improper joinder.[12]

Although not technically a motion to dismiss, the *Twombly* and *Iqbal* two-prong approach to 12(b)(6) dismissal motions governs the analysis.[13] Thus, the plaintiff must first plead "enough facts to state a claim to relief that is *plausible* on its face."[14] A claim has facial plausibility when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Second, the plaintiff must prove the plausibility of his claim with case-specific facts, not mere conclusions: "a pleading that offers labels and

---

[7] Dkt. No. 1.
[8] *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).
[9] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[10] *Id*. at 573.
[11] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).
[12] *Smallwood*, 385 F.3d at 574.
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 ("Our decision in *Twombly* illustrates the two-pronged approach.").
[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).
[15] *Ashcroft*, 556 U.S. at 678.

conclusions or a formulaic recitation of the elements of a cause of action will not do."[16] "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."[17] Thus, although the Court must accept as true all well-pleaded facts, it need not accept as true overt legal conclusions, or legal conclusions which have been "couched" as factual allegations.[18]

### III. APPLICATION

Defendant—the removing party—has carried its burden of proving that Ring was improperly joined. There are no allegations of fraud in pleading the jurisdictional facts, so Defendant instead argues that Plaintiffs' actions against Ring are inadequately plead under federal pleading standards. Defendant states: "Plaintiffs' allegations against Ring do nothing more than track the statutory language of his Insurance Code causes of action; they are bare-bone, conclusory, and over-generalized boiler-plate allegations devoid of substantive facts."[19] The Court agrees.

Plaintiffs levy the following claims against Ring: violations of Texas Insurance Code Sections 541.060(a)(1),[20] (a)(2)(A),[21] (a)(3),[22] (a)(4),[23] and (a)(7);[24] as well as fraud[25] and conspiracy to commit fraud.[26] Plaintiffs largely track the statutory language of each Section 541 provision.[27] Insofar as this is the case, these claims are inadequately plead because they

---

[16] *Ashcroft*, 556 U.S. at 678.
[17] *Id*.
[18] *Id*. at 678, 129 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").
[19] Dkt. No. 1. at p. 5.
[20] Dkt. No. 1-2 at p. 5.
[21] *Id*.
[22] *Id*.
[23] *Id*.
[24] *Id*. at p. 6.
[25] *Id*. at p. 12.
[26] *Id*.
[27] *See id*. at pp. 5–6 (Concerning Section 541.060(a)(2)(A), "Ring failed to make and attempt to settle Plaintiffs' claim in a fair manner." Concerning Section 541.060(a)(3), "Ring failed to explain the reasons for their offer of an inadequate settlement." Concerning Section 541.060(a)(4), "Ring failed to affirm or deny coverage of Plaintiffs'

constitute overt legal conclusions. In addition to overt statutory tracking, Plaintiffs also globularly and indiscriminately support *all* of their Section 541 claims against Ring with the following statements:

- "[Ring] failed to perform a thorough investigation";[28]
- "[Ring] failed to include all of the damages";[29]
- "[Ring] underestimated and undervalued the cost of repairs . . . .";[30]
- "[Ring] improperly adjusted [Plaintiffs' claim]";[31]
- "[Ring] misrepresented to Plaintiffs that the damage to the property was not covered under the policy . . . ."[32]

These statements do not render Plaintiffs' Section 541 claims well-plead because they are merely "naked assertions devoid of further factual enhancement."[33] For example, Plaintiffs do not explain in even an elementary fashion *how* Ring failed to perform a thorough investigation, *what* damages Ring omitted from the estimate, *why* such damages should have been included, or *what* specific misrepresentations Ring made to Plaintiffs and *why* they were misrepresentations. Consequently, the above-listed allegations are inadequately plead because they are conclusory. As another district court has stated under very similar circumstances, "[t]hese factual allegations are not pled with enough specificity to distinguish particular facts from legal conclusions."[34]

---

claim within a reasonable time." Concerning Section 541.060(a)(7), "Ring refused to fully compensate Plaintiffs . . . even though . . . Ring performed failed to conduct a reasonable investigation.").
[28] Dkt. No. 1-2 at p. 3.
[29] *Id.*
[30] *Id.*
[31] *Id.* at p. 4.
[32] *Id.*
[33] *Ashcroft*, 556 U.S. at 678.
[34] *Johnson v. The Travelers Home & Marine Ins. Co.*, CV H-16-449, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016).

Plaintiffs' fraud claim is also conclusory because it merely tracks the language of the common law elements of fraud without "further factual enhancement."[35] The elements of fraud include: "[1] material misrepresentation, [2] which was false, [3] and which was either known to be false when made or was asserted without knowledge of its truth, [4] which was intended to be acted upon, [5] which was relied upon, and [6] which caused injury."[36]  In a similar fashion, the entirety of Plaintiffs' fraud claim is as follows:

> Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Sussex and Ring knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by the Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.[37]

As Defendant points out, Plaintiffs' reference to "representations, as described above" seems to refer to their previous statement that "[Ring] misrepresented to Plaintiffs that the damage was not covered under the Policy."[38] But this is itself a conclusory statement, because Plaintiffs never explain *what* damage was covered by the policy that Ring stated was not covered. The remainder of Plaintiffs' claim is a discombobulated recitation of the elements of fraud. In short, Plaintiffs' fraud claim is inadequately plead under federal pleading standards.

Finally, Plaintiffs' claim of conspiracy to commit fraud is also inadequately plead because it is conclusory. The elements of conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more

---

[35] *Ashcroft*, 556 U.S. at 678.
[36] *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994).
[37] Dkt. No. 1-2 at p. 12.
[38] Dkt. No. 1-2 at p. 4.

unlawful, overt acts; and (5) damages as a proximate result."[39] In turn, the entirety of Plaintiffs' conspiracy claim is as follows:

> Defendants Sussex and Ring were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Sussex and Ring committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result."

This too is nothing more than a messy recitation of the elements of conspiracy. Thus, it is a legal conclusion and inadequately plead under federal pleading standards. In sum, all of Plaintiffs' claims against Ring are inadequately plead under federal pleading standards, and thus Ring was improperly joined in this case.

### IV. HOLDING

The Court has diversity jurisdiction in this case because Ring was improperly joined. Plaintiffs' remand motion is **DENIED**. Furthermore, and pursuant to Fifth Circuit dictate,[40] Ring is **DISMISSED WITHOUT PREJUDICE** from the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of November, 2016.

_____
Micaela Alvarez
United States District Judge

---

[39] *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).
[40] *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209.